UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Luis Flores,

                       Plaintiff,

-against -

Battery Place Market Corp., Doe Corp., Vincente Milan, and Sung Kim,

                       Defendants.
------------------------------------------------------------x

**COMPLAINT AND JURY DEMAND**

Index No. 17-CV-2611

Plaintiff Luis Flores, by his attorneys, David B. Rankin for his Complaint alleges as follows against defendants Battery Place Market Corp., Vincente Milan, and Sung Kim (collectively, "Defendants"):

**NATURE OF ACTION**

1.     Plaintiff brings this civil action pursuant to the provisions of Section 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and Section 255(a) of the Portal-to-Portal Act, to remedy Defendants' failure to pay wages and overtime owed.

2.     Plaintiff seeks declaratory and injunctive relief, unpaid wages for work performed, and liquidated damages, together with pre-and post-judgment interest, reasonable attorneys' fees and costs of this action, and other appropriate relief pursuant to the FLSA.

3.     In addition, Plaintiff brings supplemental state claims to recover overtime compensation, unpaid spread of hours pay, liquidated damages and/or pre-judgment interest, plus post-judgment interest, reasonable attorneys' fees and court costs for Defendants' willful violation of the New York State Labor Law and its applicable regulations.

1

## JURISDICTION AND VENUE

4. This court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiffs' state Labor Law claims pursuant to 28 U.S.C. § 1367(a), because the state claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiffs and Defendants.

5. As Defendants' business was conducted within the Southern District of New York, venue lies within this jurisdiction pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff, Mr. Flores, is a resident of New York, and has been employed by defendants as on an hourly basis from November 8, 2011 to the present.

7. Plaintiff is a resident of New York, and has been employed by defendants with the duties and responsibilities including stocking, ordering and delivering at 77 Battery Place, New York, New York from November 8, 2011 to the present on an hourly basis and paid weekly.

8. Defendant Battery Place Market Corp. is a domestic business corporation organized under the laws of New York. Between 2011 to the present, defendant was authorized to transact business, and engaged in the deli business at 77 Battery Place and 240 Murray Street in New York, New York.

9. Defendant Doe Corp. is a domestic business corporation organized under the laws of New York. Between 2011 to the present, defendant was authorized to transact business, and engaged in the deli business at 77 Battery Place and 240 Murray Street in New York, New York.

10. At all times relevant to this litigation, defendants Vincente Milan, and Sung Kim, were owners of Battery Place Market Corp. and Doe Corp. and the employers of Mr. Flores.

11. At all times relevant to this litigation, defendants were Mr. Flores's employer within the meaning of the FLSA and the Labor Law, and a covered employer pursuant to the FLSA and the Labor Law.

12. Defendants exercised operational control over 77 Battery Street and 240 Murray Street, including the terms and conditions of Mr. Flores' employment such as pay and hours.

## FACTUAL ALLEGATIONS

13. Defendants' business is a grocery store and deli located at 77 Battery Place and 240 Murray Street in Manhattan.

14. At all relevant times, Defendants' business was engaged in commerce and had, upon information and belief, an annual gross sales of at least $500,000.

15. Defendants employed Mr. Flores and paid him a weekly rate of $450 from November 8, 2011 through September 4, 2012, for 60 total hours of work per week, occurring six days per week.

16. Beginning September 4, 2012, Mr. Flores was paid $500 per week for 60 total hours of work per week, occurring six days per week.

17. On January 1, 2013, defendants began paying plaintiff $733 per week for six days of work per week, from the hours of 6:00 a.m. through 8:00 p.m., a total of 84 hours of work per week.

18. On January 7, 2015, defendants began paying Mr. Flores $833 per week for six days of work per week, from the hours of 6:00 a.m. through 8:00 p.m., a total of 84 hours of work per week.

19. On June 1, 2016, defendants began paying Mr. Flores $860 per week for six days of work per week, from the hours of 6:00 a.m. through 8:00 p.m., a total of 84 hours of work per week.

20. From January 1, 2017 to the present, defendants decreased Mr. Flores to only 68 hours weekly.

21. Mr. Flores was a nonexempt employee and entitled by law to receive overtime payments for work in excess of forty hours per week.

22. Defendants did not pay the Mr. Flores wages for work that he performed and underpaid the overtime compensation that Mr. Flores was entitled to receive.

### FIRST CAUSE OF ACTION
### Claim For Relief Under FLSA: Unpaid Overtime

23. Mr. Flores repeats and re-alleges each and every one of the allegations set forth in all preceding paragraphs as if fully set forth herein

24. At all relevant times, Mr. Flores, and other similarly situated Hourly Employees who may opt-in, were entitled to the rights, protections and benefits provided to employees under the FLSA and the Portal-to-Portal Act.

25. After an employee has worked forty hours in a single work week, FLSA requires that all subsequent hours worked be compensated by overtime pay at a rate of not less than one and one-half (1½) times an employee's regular rate of pay. 29 U.S.C. § 207.

26. During the Litigation Periods, Mr. Flores, as well as other similarly situated Hourly Employees who may opt-in, have on numerous occasions worked in excess of the forty hours specified in the FLSA.

27. During the Litigation Periods, defendants did not pay Mr. Flores overtime for the work he performed in excess of forty hours per week.

28. As a consequence of Defendants' willful violation of Mr. Flores' rights under FLSA, and the rights of other similarly situated Hourly Employees who may opt-in, Mr. Flores and others opting in are entitled to recover from Defendants, jointly and severally, their overtime wages for work actually performed, liquidated damages, costs, and reasonable attorneys' fees pursuant to the FLSA § 16(b), 29 U.S.C. § 216(b).

29. At all relevant times, Defendants knew that its calculation of Mr. Flores' overtime rate, and of those similarly situated Hourly Employees who may opt-in, were in clear violation of the FLSA and the regulations of the U.S. Department of Labor.

30. At all relevant times, Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

31. As a result of defendants' actions, Mr. Flores has suffered economic loss.

## SECOND CAUSE OF ACTION
### Claim For Relief Under NYS Labor Law: Unpaid Overtime

32. Mr. Flores repeats and re-alleges each and every one of the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. At all times that Mr. Flores was employed by Defendants, Mr. Flores, were entitled to the rights, protections and benefits provided to employees under the New York State Labor Law and its applicable regulations.

34. At all times that Mr. Flores were employed by Defendants, Defendants were required to pay Mr. Flores overtime compensation at a rate of one and one-half (1½) times his regular rate of pay for hours worked in excess of forty in any work week.

35. During the Litigation Periods, defendants did not pay Mr. Flores overtime for the work he performed in excess of forty hours per week.

36. Defendants acted with reckless disregard to the provisions of the New York State Labor Law and its regulations, willfully failing to pay Mr. Flores's overtime compensation without any basis in fact to support such conduct and with full knowledge that such conduct violated the New York State Labor Law.

37. Defendants, jointly and severally, are therefore liable for all overtime compensation for work actually performed owed to Mr. Flores together with liquidated damages, reasonable attorneys' fees, costs and interest, pursuant to Labor Law § 663(1).

38. As a result of defendants' actions, Mr. Flores has suffered economic loss.

### THIRD CAUSE OF ACTION:
### Claim For Relief Under NYS Labor Law: Unpaid Spread of Hours

39. Mr. Flores repeats and re-alleges each and every one of the allegations set forth in all preceding paragraphs as if fully set forth herein

40. At all times relevant to this claim for relief, Defendants employed Mr. Flores within the meaning of the Labor Law.

41. Defendants willfully failed to pay Mr. Flores spread of hours pay for days on which more than 10 hours elapsed from the time each employee started to work to the time each left work for the day, as required by the Labor Law.

42. As a consequence of the Defendants' willful violation of the Mr. Flores' rights under the Labor Law, plaintiff are entitled to recover from Defendants, jointly and severally, spread of hours pay for days on which more than 10 hours elapsed from the time each started work to the time he/ she left work for the day, liquidated damages, costs, and reasonable attorney's fees pursuant to the Labor Law § 663(1).

43. As a result of defendants' actions, Mr. Flores has suffered economic loss.

## PRAYER FOR RELIEF

44. Mr. Flores demands trial by jury of all issues in this action.

**WHEREFORE,** Mr. Flores, on his own behalf and on behalf of others similarly situated, pray:

    a. That this Court assume jurisdiction over this action;

    b. That this Court issue an Order permitting a formal notice be sent to potential class members and authorize establishment of opt-in procedures for similarly situated individuals to join the class of plaintiffs;

    c. That this Court order Defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated former Hourly Employees of Defendants;

    d. That this court declares defendants' conduct complained of herein violates the rights of Mr. Flores;

    e. That this Court enter judgment in favor of Mr. Flores awarding monetary damages in the form of back pay for overtime compensation and spread of hours pay owed during the applicable period of limitations as may be found by a jury and the Court;

    f. That this Court enter judgment in favor of Mr. Flores for such amount as may be awarded by a jury and the Court for liquidated damages as well as for Defendants' willful violation of the FLSA and the NYS Labor Law;

    g. That this Court award Mr. Flores expenses, and reasonable attorneys' fees associated with the prosecution of this civil action; and

///

  h. That this Court grant such additional or alternative relief as may appear to the Court to be just and proper.

Dated: April 11, 2017
   New York, New York

             Respectfully submitted,

         By: _____
           David B. Rankin, Esq.
           *Attorney for Plaintiff*
           11 Park Place, Suite 914
           New York, New York 10007
           t: 212-226-4507