UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
Luis Flores,

                                Plaintiff,

            -against -

Battery Place Market Corp., SHK Holdings Inc.,
Vicente Millan, and Sung Kim,

                                Defendants.
----------------------------------------------------------------x

**SECOND AMENDED COMPLAINT AND JURY DEMAND**

Index No. 17CV2611(ALC)(KNF)

Plaintiff Luis Flores, by his attorneys, David B. Rankin of Beldock Levine & Hoffman LLP and Kakalec & Schlanger, LLP, for his Second Amended Complaint alleges as follows against defendants Battery Place Market Corp. ("Battery Place Market"), SHK Holdings Inc., Vicente Millan, and Sung Kim (collectively, "Defendants"):

## NATURE OF ACTION

1. Plaintiff brings this civil action pursuant to the provisions of Section 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), to remedy Defendants' failure to pay wages and overtime owed.

2. Plaintiff seeks declaratory and injunctive relief, unpaid wages and overtime, and liquidated damages, together with applicable interest, reasonable attorneys' fees and costs of this action, and other appropriate relief pursuant to the FLSA.

3. In addition, Plaintiff brings supplemental state claims under the New York Labor Law ("NYLL") to recover unpaid wages and overtime, unpaid spread of hours pay, damages for failure to provide notice of pay rate and proper paystubs, liquidated damages, interest, reasonable attorneys' fees, and Court costs for Defendants' willful violation of the NYLL and its applicable regulations.

1

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367(a), because the state claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

5.      As Defendants' business was conducted within the Southern District of New York, venue lies within this jurisdiction pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff, Mr. Flores, is a resident of New York, and has been employed by Defendants as on an hourly basis from November 8, 2011 to the present.

7.      Plaintiff is a resident of New York, and has been employed by Defendants with duties and responsibilities including stocking, ordering and delivering at 77 Battery Place, New York, New York from November 8, 2011 to the present.  He is paid weekly.

8.      Plaintiff consents in writing to becoming a party Plaintiff in this action.  (See Exhibit 1, attached.)

9.      Defendant Battery Place Market is a domestic business corporation organized under the laws of New York.  Between 2011 to the present, Battery Place Market was authorized to transact business, and engaged in the business, at 77 Battery Place and 240 Murray Street in New York, New York.

10.     Defendant SHK Holdings Inc. is a domestic business corporation organized under the laws of New York.  Between 2011 to the present, defendant SHK Holdings Inc. was authorized to transact business, and engaged in business, at 77 Battery Place and 240 Murray Street in New York, New York.

11. At all times relevant to this litigation, defendants Vicente Millan and Sung Kim were owners of Battery Place Market and SHK Holdings Inc., and were, along with Battery Place Market and SHK Holdings Inc., the employers of Mr. Flores.

12. At all times relevant to this litigation, Defendants were Mr. Flores's employers within the meaning of the FLSA and NYLL, and were covered employers within the meaning of the FLSA and NYLL.

13. At all times relevant to this litigation, Mr. Flores was an employee of Defendants within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

14. Defendants' business is a grocery store and deli located at 77 Battery Place and 240 Murray Street in Manhattan.

15. At all relevant times, Defendants' business was engaged in commerce within the meaning of 29 U.S.C. § 203 and had, upon information and belief, an annual gross volume business of at least $500,000.

16. Defendants employed Mr. Flores and paid him a weekly rate of $450 from November 8, 2011 through September 4, 2012, for 60 total hours of work per week, occurring six days per week.

17. Beginning September 4, 2012, Mr. Flores was paid $500 per week for 60 total hours of work per week, occurring six days per week.

18. On January 1, 2013, Defendants began paying Plaintiff $733 per week for six days of work per week, from the hours of 6:00 a.m. through 8:00 p.m., a total of 84 hours of work per week.

19.     On January 7, 2015, Defendants began paying Mr. Flores $833 per week for six days of work per week, from the hours of 6:00 a.m. through 8:00 p.m., a total of 84 hours of work per week.

20.     On June 1, 2016, Defendants began paying Mr. Flores $860 per week for six days of work per week, from the hours of 6:00 a.m. through 8:00 p.m., a total of 84 hours of work per week.

21.     From January 1, 2017 to the present, Defendants decreased Mr. Flores to 68 hours weekly.

22.     Mr. Flores was a non-exempt employee and entitled by the FLSA and the NYLL to receive an overtime premium of time and one half of his regular rate of pay for work in excess of forty hours in a single work week.

23.     Although Mr. Flores consistently worked more than forty hours in a single work week, Defendants failed to pay the overtime premium that Mr. Flores was entitled to receive.

24.     At the time he began working for Defendants, Mr. Flores did not receive a written disclosure of his wage rate or a written disclosure of the other information required by NYLL 195(1).

25.     Mr. Flores never thereafter received a written disclosure of the information required by NYLL 195(1).

26.     In addition, at all times relevant to this litigation, Mr. Flores did not receive accurate wage statements as required by New York Labor Law 195(3).

27.     Vicente Millan and Sung Kim had the power to establish, and did establish – directly or through their agent(s) – the terms of Plaintiff's employment.

28.     Vincente Milan and Sung Kim, directly or indirectly, determined the salary to be paid to Plaintiff.

29.     Vincente Milan and Sung Kim had the power to hire and fire employees, and they exercised that power, whether directly or through their agent(s).

30.     Vincente Milan and Sung Kim had the power to control the day-to-day functions of Battery Place Market and SHK Holdings Inc., and worked at the Battery Place Market location on a regular basis.

31.     Vincente Milan and Sung Kim, directly or indirectly, managed, supervised, and directed the business and operations of Battery Place Market and SHK Holdings Inc.

32.     Defendants (1) shared the services of the Plaintiff, (2) shared direct or indirect control over the Plaintiff, (3) acted in the interest of one another, and (4) constitute a joint employer of the Plaintiff as defined by federal and state law.

33.     During the course of his employment, Plaintiff handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

34.     Defendants undertook all of the actions and omissions alleged above either directly or through their agents who were authorized to undertake such actions and omissions.

35.     The actions and omissions alleged above were willful.

### FIRST CAUSE OF ACTION
### Claim For Relief Under FLSA: Unpaid Overtime

36.     Mr. Flores repeats and re-alleges each and every one of the allegations set forth in all preceding paragraphs as if fully set forth herein

37.     At all relevant times, Mr. Flores was entitled to the rights, protections and benefits provided to employees under the FLSA.

38. After an employee has worked forty hours in a single work week, FLSA requires that all subsequent hours worked be compensated by overtime pay at a rate of not less than one and one-half (1½) times an employee's regular rate of pay. 29 U.S.C. § 207.

39. Between April 11, 2014 and the present (the "FLSA Litigation Period"), Mr. Flores has on numerous occasions worked in excess of the forty hours.

40. During the FLSA Litigation Period, Defendants did not pay Mr. Flores an overtime premium of time and one half of his regularly hourly rate for every hour of work performed in excess of forty hours in a single work week.

41. Defendants' actions were willful within the meaning of the FLSA.

42. As a consequence of Defendants' willful violation of Mr. Flores' rights under FLSA, Mr. Flores is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, liquidated damages, costs, and reasonable attorneys' fees pursuant to the FLSA § 16(b), 29 U.S.C. § 216(b).

43. As a result of Defendants' actions, Mr. Flores has suffered economic loss.

**SECOND CAUSE OF ACTION**
**Claim For Relief Under NYS Labor Law: Unpaid Overtime**

44. Mr. Flores repeats and re-alleges each and every one of the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. At all times that Mr. Flores was employed by Defendants, Mr. Flores was entitled to the rights, protections and benefits provided to employees under the New York State Labor Law and its applicable regulations.

46. At all times that Mr. Flores was employed by Defendants, Defendants were required to pay Mr. Flores overtime compensation at a rate of one and one-half (1½) times his regular rate of pay for hours worked in excess of forty in any work week.

47. During the period from November 8, 2011 through the present (the NYLL Litigation Period"), Defendants did not pay Mr. Flores an overtime premium for every hour of work he performed in excess of forty hours in a single work week.

48. Defendants' actions were willful within the meaning of the NYLL. Defendants, jointly and severally, are therefore liable for unpaid overtime wages owed to Mr. Flores, together with liquidated damages, reasonable attorneys' fees, costs and interest, pursuant to Labor Law § 663(1).

49. As a result of Defendants' actions, Mr. Flores has suffered economic loss.

### THIRD CAUSE OF ACTION:
### Claim For Relief Under NYS Labor Law: Unpaid Spread of Hours

50. Mr. Flores repeats and re-alleges each and every one of the allegations set forth in all preceding paragraphs as if fully set forth herein

51. At all times relevant to this claim for relief, Defendants employed Mr. Flores within the meaning of the NYLL.

52. Defendants willfully failed to pay Mr. Flores spread of hours pay for days on which more than 10 hours elapsed from the time he started to work to the time he finished work for the day, as required by the NYLL.

53. As a consequence of the Defendants' willful violation of Mr. Flores's rights under the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, spread of hours pay for days on which more than 10 hours elapsed from the time he started work to the time he finished work for the day, liquidated damages, costs, interest, and reasonable attorneys' fees pursuant to the Labor Law § 663(1).

54. As a result of Defendants' actions, Mr. Flores has suffered economic loss.

## FOURTH CAUSE OF ACTION:
## Claim For Relief under NYS Labor Law:  Disclosure of Pay Rate and Pay Statements

55.     Mr. Flores repeats and re-alleges each and every one of the allegations set forth in all preceding paragraphs as if fully set forth herein.

56.     Defendants failed to provide Plaintiff, at the time of his hiring or thereafter, notices containing his rates of pay and other information as required by NYLL § 195(1).

57.     Defendants also failed to provide the Plaintiff with statements with every payment of wages which provided all of the information required under NYLL § 195(3).

58.     For Defendants' violation of NYLL § 195(1), Plaintiff is entitled to $50 for each work day in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL §198(1-b).

59.     For Defendants' violation of NYLL § 195(13), Plaintiff is entitled to $250 for each work day in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-d).

60.     Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## PRAYER FOR RELIEF

Mr. Flores demands trial by jury of all issues in this action.

**WHEREFORE,** Mr. Flores, on his own behalf and on behalf of others similarly situated, prays:

   a.   That this Court assume jurisdiction over this action;

   b.   That this Court declare Defendants' conduct complained of herein violates the rights of Mr. Flores;

c. That this Court enter judgment in favor of Mr. Flores awarding monetary damages in the form of back pay for overtime compensation and spread of hours pay owed during the applicable period of limitations;

d. That this Court enter judgment in favor of Mr. Flores for liquidated damages for Defendants' willful violation of the FLSA and the NYS Labor Law;

e. That this Court enter judgment in favor of Mr. Flores for damages under NYLL § 195(1) and (3);

f. That this Court award Mr. Flores expenses, costs, interest, and the reasonable attorneys' fees associated with the prosecution of this civil action; and

g. That this Court grant such additional or alternative relief as may appear to the Court to be just and proper.

Dated: July 11, 2017
New York, New York

Respectfully submitted,

By: _____
David B. Rankin
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
t: (212) 227-5825
e: DRankin@blhny.com

*/s/ Patricia Kakalec*
Patricia Kakalec
KAKALEC & SCHLANGER, LLP
85 Broad Street, 18th Floor
New York, New York 10004
t: (212) 500-6114
e: pkakalec@kakalec-schlanger.com

*Attorneys for Plaintiffs*