## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims (the "Agreement") is entered into by and between Luis Flores ("Flores") on the one hand, and SHK Holdings Inc., Vicente Millan, and Sung Kim (collectively, "SHK Holdings") on the other.

## RECITALS

WHEREAS, Flores has complained that SHK Holdings violated the Fair Labor Standards Act and the New York Labor Law during its employment of him between 2011 and 2017; and

WHEREAS, Flores filed the action *Flores v. Battery Place Market Inc. et al.*, 17-CV-2611(ALC)(KNF) (the "Litigation"), in the U.S. District Court for the Southern District of New York;

WHEREAS, Defendants denied the claim in their Answer; and

WHEREAS, Flores and SHK Holdings (collectively, the "parties") now desire to compromise and settle all claims or potential claims between them relating in any way to Flores's work for SHK Holdings;

NOW THEREFORE, in consideration of the foregoing Recitals and the terms and conditions set forth herein, the parties hereto agree as follows:

## Payment

1. As set forth in paragraph (2) below, SHK Holdings shall pay or cause to be paid to Flores, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement of Flores's claims or potential claims against SHK Holdings, the total sum of $210,000 (the "settlement funds").

2. The settlement funds shall be paid as follows:

   a. Within thirty (30) days of the execution of this Agreement by all parties (the "Effective Date"), SHK Holdings shall pay the sum of fifty thousand dollars ($50,000) to Flores. This payment shall be made by three checks: one check in the amount of $16,667 payable to Luis Flores, a second check in the amount of $16,667 payable to Luis Flores, and third check in the amount of $16,666 payable to Kakalec Law PLLC. All three checks shall be bank or certified checks. If this Agreement has not been approved by the Court by the date these checks are received by Plaintiff's counsel, Plaintiff's counsel will hold these checks in escrow until such time as the Agreement is approved, as described below in paragraphs (8) – (10).

   b. On or before June 1, SHK Holdings shall pay an additional sum of $5,000 to Flores. This payment shall be made by three checks or three wires/bank transfers as follows: one check/wire/transfer in the amount of $1,667 payable to Luis Flores, one check/wire/transfer in the amount of $1,667 payable to Luis Flores, and one check/wire/transfer in the amount of $1,667 payable to Kakalec Law PLLC.

    c.    Thereafter, on the first day of every month for each of the following 31 months, from July 1, 2018 through February 1, 2021, SHK shall pay the additional sum of $5,000 to Flores. This payment shall be made by three checks or three wires/bank transfers: one check/wire/transfer in the amount of $1,667 payable to Luis Flores, one check/wire/transfer in the amount of $1,667 payable to Luis Flores, and one check/wire/transfer in the amount of $1,667 payable to Kakalec Law PLLC.

    d.    All checks shall be sent to counsel for Flores: Patricia Kakalec, Kakalec Law PLLC, 85 Broad Street, 16th Floor, New York, NY 10004, or to any address subsequently designated by counsel for Flores.

3. All payments shall be received by the due date, time being of the essence.

4. If SHK Holdings fails to make payment within fourteen (14) days of the dates specified above in paragraph (2), this would constitute a material default. In the event of a default by SHK Holdings on its payment obligations under this Agreement, Flores will provide written notice of default to SHK Holdings by mail addressed as follows: Sung Kim, Battery Place Market, 77 Battery Place, New York, NY 10280. Notice shall also be provided to counsel for SHK Holdings, Daniel J. Kim, at danieldkimlaw@gmail.com. If such default is not cured within fourteen (14) days following the giving of such notice, Flores's attorneys may file the confessions of judgment executed by Sung Kim, SHK Holdings, Inc. and Ki Kim in the amount of $250,000 (less any amounts paid hereunder), attached hereto as Exhibit 1. Flores may have judgment entered against Sung Kim, Ki Kim and SHK Holdings, Inc. (after credit for any payments made), and may execute on this judgment.

5. Within fourteen (14) days of Flores's receipt of all funds described in paragraph (2), Flores shall return to SHK Holdings the original confessions of judgment referred to in paragraph (4), and shall destroy any copies thereof, except that Flores's counsel may keep one copy of said confessions for their records.

Releases

6. *Flores's Release of SHK Holdings*: Upon Flores's receipt of the settlement funds referred to in paragraph 2(a) above, Flores, for himself, his attorneys, insurers, assignees, transferors, transferees, affiliates, agents and representatives, releases and forever discharges SHK Holdings, and its respective insurers, transferors, principals, partners, officers, directors, employees, servants, subsidiaries, parent corporations, affiliates, successors, stockholders, agents, and representatives (collectively the "Releasees") from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, which arise directly or indirectly out of any facts, events, or transactions that occurred from the beginning of time through the date that Flores executes this Agreement that are in any way related to, arise from, out of or based upon Flores's work for SHK Holdings, including but not limited to claims under New York Labor Law and the Fair Labor Standards Act.   Claims which may be not be released as a matter of law are not released.

7. *SHK Holdings's Release of Flores*. Upon Flores's receipt of the settlement funds referred to in paragraph 2(a) above, SHK Holdings, its attorneys, insurers, assignees, transferors, transferees, affiliates, agents and representatives, releases and forever discharges Flores and his respective insurers, transferors, principals, partners, officers, directors, employees, servants, subsidiaries, parent corporations, affiliates, successors,

stockholders, agents, and representatives (collectively the "Releasees") from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, which arise directly or indirectly out of any facts, events, or transactions that occurred from the beginning of time through the date that SHK Holdings executes this Agreement that are in any way related to, arise from, out of or based upon Flores's work for SHK Holdings, including but not limited to claims under New York Labor Law and the Fair Labor Standards Act. Claims which may not be released as a matter of law are not released.

Judicial Review and Dismissal of the Litigation

8. This Agreement is contingent upon and requires Court approval. Therefore, within seven (7) days of the Effective Date of this Agreement, the parties shall submit this Agreement to the Court for judicial review and approval. The parties agree to cooperate and take all steps necessary to effectuate judicial approval of this Agreement.

9. In the event that additional documentation is needed to terminate the Litigation, the parties shall use their best efforts to draft and provide to the Court such documentation.

10. Within five (5) days of the Court's approval of the parties' Agreement, provided that the settlement funds described in paragraph 2(a) above have been received by Plaintiff's counsel, Plaintiff's counsel shall file a stipulation of dismissal with prejudice with the Court, dismissing the Litigation. If the settlement funds described in paragraph 2(a) have not yet been received by Plaintiff's counsel by the date the Court approves the parties' Agreement, Plaintiff's counsel shall file the stipulation of dismissal with prejudice within five days of the Court's approval of the Agreement.

## Other

11. *Acknowledgement*: Flores and SHK Holdings acknowledge that they have been fully and fairly represented by counsel in this matter.

12. *Binding on Successors.* This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon or inure to the administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns of the parties hereto.

13. *Construction.* This Agreement shall not be construed against the party preparing it, but shall be construed as if the parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party. This Agreement is to be interpreted, enforced and governed by and under the laws of the State of New York, without giving effect to the conflict-of-laws, rules and principles thereof.

14. *Modification.* This Agreement shall not be modified by either party by oral representation made before or after the execution of this Agreement. All modifications must be in writing and signed by the party to be charged therewith.

15. *Counterparts.* This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one agreement to be effective as of the Effective Date. Photocopies or facsimile copies of executed copies of this Agreement may be treated as originals.

16. *Severability.* The parties agree that if any provision of this Agreement should become inconsistent with present or future law having jurisdiction over and otherwise properly governing the subject matter of the provision, such provision shall be deemed to be rescinded or modified in accordance with any such law. In all other respects, the Parties

agree that the other provisions of this Agreement shall continue and remain in full force and effect.

17. Nothing in this Agreement shall operate to prevent either party from enforcing their rights under this Agreement.

18. *Entire Agreement.* This Agreement contains the entire understanding and agreement between the parties hereto with respect to the matters referred to herein. No other representations, covenants, undertakings or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the parties hereto. The parties hereto acknowledge that each party has not executed this Agreement in reliance on any such promise, representation or warranty.

AGREED TO BY:

_____     6/14/18
LUIS FLORES                        Date

Subscribed and sworn before me this
14th day of June, 2018
_____
Notary Public
Patricia Kakalec

PATRICIA COYLE KAKALEC
NOTARY PUBLIC-STATE OF NEW YORK
No. 02KA6344701
Qualified in Kings County
My Commission Expires 07-11-2020

_____      6/19/18
SHK HOLDINGS INC.     Date

By:    Sung Kim

Title:

Subscribed and sworn before me this
19th day of _____ June _____

_____
Notary Public Chloe Lee

_____     6/19/18
SUNG KIM     Date

Subscribed and sworn before me this
19th day of _____ June _____

_____
Notary Public Chloe Lee

*CHLOE LEE*
*Notary Public – State of New Jersey*
*My Commission Expires Sep 25, 2022*

_____     _____
VICENTE MILAN     Date

Subscribed and sworn before me this
____ day of _____

_____
Notary Public

8

_____      6/18/18
SHK HOLDINGS INC.                    Date

By:    Sung Kim

Title:

Subscribed and sworn before me this
_____ day of _____

_____
Notary Public


_____     6/18/18
SUNG KIM                             Date

Subscribed and sworn before me this
_____ day of _____

_____
Notary Public


_____     6/15/2018
VICENTE MILAN                  Date

Subscribed and sworn before me this
15 day of June 2018

_____
Notary Public

JUBONN OLIVIER
Notary Public - State of New York
NO. 01OLE6343146
Qualified in Kings County
My Commission Expires Jun 6, 2020

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

LUIS FLORES,

        Plaintiff,

-against-

SHK HOLDINGS, INC. and
SUNG KIM,

        Defendants.

AFFIDAVIT OF
CONFESSION OF
JUDGMENT

---

STATE OF NEW YORK    )
                             ) ss.: 190 725562.  Chloe Lee.
COUNTY OF NEW YORK  )

SUNG KIM, being duly sworn, deposes and says the following:

1. I reside at _25 Tweed Blvd Nyack NY 10960_

2. I am the _Owner_ of SHK Holdings, Inc. ("SHK") and am authorized to give this affidavit on SHK's behalf.

3. I hereby confess judgment herein, on my own behalf and on behalf of SHK, jointly and severally, in favor of Luis Flores ("Plaintiff") in the amount of $250,000.

4. I consent to the entry of this judgment against me and against SHK, jointly and severally, in the Supreme Court of the State of New York, or in any other court, as hereafter conditioned.

5. This Confession of Judgment is for a debt to become due and owing to Plaintiff should SHK, Vicente Millan, and I (the "federal defendants") fail to make payment to Plaintiff as provided for by the June 2018 Settlement Agreement (the "Settlement

1

Agreement") between the Plaintiff on the one hand and the federal defendants on the other hand (jointly, "the Parties").

6. Upon default of payment by the federal defendants under the Parties' Settlement Agreement, the terms of which are hereby incorporated by reference, I authorize Plaintiff to enter judgment, jointly and severally, against me and against SHK, in the sum of $250,000, plus reasonable costs and attorneys' fees incurred in enforcing the judgment, less total amount paid up-to-date. I agree that this sum is a fair and reasonable assessment of Plaintiff's damages in this matter.

7. Upon all payments being made by the federal defendants under the Parties' Settlement Agreement, this Confession of Judgment shall be invalidated and any monies due and owing under it shall be voided.

By: _____
Sung Kim

By: _____
SHK Holdings, Inc.
By Sung Kim

CHLOE LEE
Notary Public – State of New Jersey
My Commission Expires Sep 25, 2022

Subscribed and sworn to before me this
19th day of June, 2018

_____
Notary Public

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

LUIS FLORES,

               Plaintiff,                          AFFIDAVIT OF
                                                                   CONFESSION OF
-against-                                                               JUDGMENT

KI KIM,

               Defendant.

---

STATE OF NEW YORK      )
                                    )  ss.:
COUNTY OF NEW YORK  )

KI KIM, being duly sworn, deposes and says the following:

1. I reside at _25 Tweed Blvd, Orange Town NY_

2. I hereby confess judgment herein in favor of Luis Flores ("Plaintiff") in the amount of $250,000.

3. I consent to the entry of this judgment against me in the Supreme Court of the State of New York, or in any other court, as hereafter conditioned.

4. This Confession of Judgment is for a debt to become due and owing to Plaintiff should SHK Holdings, Inc., Sung Kim, and Vicente Milan (the "federal defendants") fail to make payment to Plaintiff as provided for by the June 2018 Settlement Agreement (the "Settlement Agreement") between the Plaintiff on the one hand and the federal defendants on the other hand (jointly, "the Parties").

5. Upon default of payment by the federal defendants under the Parties' Settlement Agreement, the terms of which are hereby incorporated by reference, I authorize

1

Plaintiff to enter judgment against me in the sum of $250,000, plus reasonable costs *less total amount paid up-to-date.* and attorneys' fees incurred in enforcing the judgment. I agree that this sum is a fair and reasonable assessment of Plaintiff's damages in this matter.

6. Upon all payments being made by the federal defendants under the Parties' Settlement Agreement, this Confession of Judgment shall be invalidated and any monies due and owing under it shall be voided.

By: _____
Ki Kim

Subscribed and sworn to before me this
20th day of June, 2018

_____
Notary Public
DANIEL KIM
admitted in state of New Jersey

2